UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYNTHIA RYAN,

Plaintiff,

v.

ABM INDUSTRY GROUPS, LLC et al.,

Defendants.

CASE NO. 2:26-cv-03511-LK

ORDER TO SHOW CAUSE

This matter comes before the Court sua sponte. For the reasons stated below, the Court orders Defendants to show cause why this case should not be remanded to King County Superior Court for lack of Article III jurisdiction.

In this case, Plaintiff Cynthia Ryan alleges that Defendants BM Industry Groups, LLC and ABM Industries Incorporated violated Washington state law by unlawfully restricting her and "over 40 Class Members from having an additional job . . . while paying them less than twice the applicable state minimum hourly wage." Dkt. No. 3 at 3–4. The complaint defines the potential class as "[a]ll current and former Washington employees of [Defendants] who earned less than twice the applicable state minimum hourly wage at any time from August 19, 2020, through the

date of certification of the Class." *Id.* at 8. Ryan seeks "[a]ctual damages or statutory damages of $5,000, whichever is greater, to Plaintiff and each Class member" under Section 49.62.080 of the Revised Code of Washington for alleged violations of Section 49.62.070. *Id.* at 9–10. However, Ryan does not identify any concrete injury. *See generally* Dkt. No. 3. Defendants timely removed this case from King County Superior Court, asserting that this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Dkt. No. 1 at 1.

"[B]oth the Supreme Court and [the Ninth Circuit] have held that whether or not the parties raise the issue, federal courts are required sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (citation modified). Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Although there is "no antiremoval presumption" for cases removed pursuant to CAFA, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), as the parties invoking federal jurisdiction, Defendants bear the burden of establishing the existence of a case or controversy under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Furthermore, "standing is not dispensed in gross;" rather, standing must be established "for each claim that [plaintiffs] press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

As discussed above, Ryan seeks actual or statutory damages but does not identify any concrete injury. "[U]nder Article III, an injury in law is not an injury in fact." *TransUnion*, 594 U.S. at 426–27 (citation modified). For standing purposes, therefore, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be

an injury that is ‘real’ and not ‘abstract’ or merely ‘procedural.’” *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo v. Robins*, 578 U.S. at 338). The Ninth Circuit has interpreted *TransUnion* to require a plaintiff claiming harm based on an intangible injury to show that she “has suffered a harm that has traditionally been actionable in our nation’s legal system.” *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).

It is not evident from the complaint or the notice of removal that Article III standing exists in this case. Accordingly, Defendants are ORDERED TO SHOW CAUSE by November 24, 2026 why this case should not be remanded to state court. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (“The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case.”). Ryan may file an optional reply by December 7, 2026. Each party’s brief shall contain no more than 2,800 words. Alternatively, because the record before the Court does not indicate that Article III standing exists, the parties may stipulate to remand by December 7, 2026.

Dated this 10th day of November, 2026.



Lauren King
United States District Judge